■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MALONEY, Appellant. — Judgment Supreme Court, New York County (Francis Pecora, J.), entered January 14, 1982, convicting defendant, upon a jury verdict of the crimes of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of assault in the first degree (Penal Law § 120.10 [1], [4]), and robbery in the first degree (Penal Law § 160.15 [2]), and sentencing him to concurrent indeterminate prison terms of 12½ to 25 years for the attempted murder and

robbery convictions, and from 5 to 15 years for the assault convictions, is unanimously modified, on the law, only to the extent of reducing the sentence for the attempted murder conviction to 8⅓ to 25 years, and otherwise affirmed.

The People commendably concede that the sentence imposed on the attempted murder conviction was illegal (*People v Lawrence,* 97 AD2d 718 [1st Dept 1983]), as the crime of attempted murder in the second degree is a class B violent felony offense (Penal Law § 70.02 [1] [a]), and it is not an *armed felony offense* (CPL 1.20 [41]).

Penal Law § 70.02 (4) states, in pertinent part, that "[t]he minimum period of imprisonment under an indeterminate sentence for a violent felony offense [such as attempted murder in the second degree] must be fixed by the court at one-third of the maximum term imposed and must be specified in the sentence". Thus, since the maximum sentence imposed herein on this count was 25 years, we reduce the minimum portion of that sentence from 12½ years to 8⅓ years.

We have examined the other points raised by the appellant and find them to be lacking in merit. Concur — Murphy, P. J., Kupferman, Ross, Carro and Milonas, JJ.