■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD FRAWLEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 3, 1982, convicting him of attempted murder in the second degree, robbery in the first degree (four counts),

assault in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and sentencing him to indeterminate terms of 12½ to 25 years' imprisonment upon the attempted murder, robbery and criminal use of a firearm convictions and an indeterminate term of 5 to 15 years' imprisonment upon the assault conviction, to be served concurrently.

Judgment modified, on the law, by reducing the minimum terms of the sentences imposed on defendant's conviction of attempted murder in the second degree under count one of the indictment, and robbery in the first degree under counts two and three thereof, to 8⅓ years, respectively. As so modified, judgment affirmed.

On January 3, 1981, at about 12:40 A.M., in Slattery's Bar in Queens County, Patrick Ward, an off-duty New York City Police Department detective, was sitting at the bar when a shot was fired. He turned and found Arthur Damers pointing a gun at his head and the defendant Edward Frawley pointing a gun in the direction of the other patrons. Everyone was ordered to enter the men's room, wherein the detective removed his gun and then kicked open the door to confront the defendant who was pointing a gun at him. Detective Ward identified himself by shouting "Police" but when the defendant failed to lower his gun, Detective Ward fired once as the swinging door closed. When the door was reopened, gunfire erupted. Detective Ward again shouted "Police" and, at one point, was struck by a bullet which broke his leg. Having fallen to the ground, he was then pistol whipped in the face and kicked about the body by the defendant and Damers. The perpetrators finally left, the patrons came out of the men's room, and the police were called.

Defendant's guilt was proven beyond a reasonable doubt as there was ample evidence from which the jury could infer that he intended to kill the detective (see, People v Colon, 113 AD2d 897). Here, all of the shooting took place at close range after the defendant was placed on notice by Detective Ward that he was a police officer. The record demonstrates that the defendant's intent to cause death, not merely to inflict serious physical injury (see, People v Colon, supra), was established beyond a reasonable doubt.

On appeal, defendant contends that numerous instances of prosecutorial misconduct during the summation deprived him of a fair trial. We find that no objections were made to the majority of these alleged instances of misconduct and, there-

fore, any errors of law with respect thereto are unpreserved for appellate review. In any event, it appears that the only questionable portion of the summation was that which placed stress on truth rather than reasonable doubt. However, such improper remark was sufficiently corrected by the court's charge.

The People concede that the sentences imposed on defendant's convictions of attempted murder in the second degree under count one of the indictment and robbery in the first degree under counts two and three thereof were illegal *(see, People v Maloney,* 108 AD2d 673; *People v Colon,* 111 AD2d 9). Defendant was a first felony offender; therefore, his minimum sentence for a felony conviction should have been one third of the maximum term imposed, unless the felony was a class B armed violent felony offense (Penal Law § 70.02 [4]). The crime of attempted murder in the second degree is a class B violent felony offense (Penal Law § 70.02 [1] [a]) but it is not an armed felony offense (CPL 1.20 [41]). The crime of robbery in the first degree as defined in Penal Law § 160.15 (1) is not an armed felony. Therefore, the imposition of a minimum sentence in excess of one third the maximum under counts one, two and three of the indictment was improper, and the minimum terms imposed on those counts have been reduced accordingly.

We have examined the other points raised by the defendant and find them to be lacking merit. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.