■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PATRICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered August 28, 1985, convicting him of burglary in the second degree, criminal mischief in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant claims that detaining and transporting him to the crime scene for possible identification constituted an arrest. The defendant further claims that that branch of his omnibus motion which was to suppress certain identification testimony was improperly denied.

The defendant was not handcuffed, there was no show of force, and he was not taken to the police station. An inquiry into "what a reasonable man, innocent of any crime, would have thought had he been in defendant's position" would lead to the conclusion that the defendant could not reasonably have believed that he was under arrest (see, People v Hicks, 68 NY2d 234, 242). We find that the showup, which occurred shortly after the burglary and near the scene of the crime, was an appropriate procedure conducted in the interest of securing a prompt and reliable identification of the perpetrator (see, People v Hicks, supra; People v Love, 57 NY2d 1023; People v Mayers, 100 AD2d 558). Nor can it be said that the showup was unduly suggestive where the hearing court determined that the defendant was not handcuffed and was immediately identified without any prompting or other improper comments from the officers to the complainant, and these findings are amply supported by the evidence (see, People v Kennerly, 117 AD2d 624). In any event, there was an independent basis for an in-court identification, as the complainant observed the defendant during the perpetration of the crime when he looked through his bedroom door in his well-lit apartment (see, People v Adams, 53 NY2d 241; People v Rivera, 108 AD2d 935). We have reviewed the other contentions of the defendant and find them to be without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.