■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK NEWTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 22, 1984, convicting him of attempted murder in the second degree (two counts), assault in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing consecutive terms of 12½ to 25 years' imprisonment for each count of attempted murder, concurrent prison terms of 5 to 15 years' imprisonment for the assault count, 12½ to 25 years' imprisonment for each robbery count and 2⅓ to 7 years for the criminal possession of a weapon count.

Ordered that the judgment is modified, on the law, by

reducing the minimum term of each of the sentences imposed upon the defendant's conviction of two counts of attempted murder in the second degree from 12½ years to 8⅓ years; as so modified, the judgment is affirmed.

The defendant's claim that he was denied effective assistance of counsel is without merit. All but one of his alleged errors were trial tactics by defense counsel which should not be questioned on hindsight *(see, People v Baldi,* 54 NY2d 137). From the one instance where the defense counsel did not understand the necessity and procedure for laying a foundation for the admission of prior inconsistent statements, it cannot be said that the defendant was denied effective assistance of counsel. Rather, the evidence, the law and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation and that the constitutional requirement was met *(see, People v Baldi, supra; People v Droz,* 39 NY2d 457). It is clear that the defense counsel had taken the time to review and prepare the law and the facts relevant to the defense, and was familiar with and able to employ at trial the basic principles of criminal law and procedure *(see, People v Droz, supra).*

However, it was clearly improper for the sentencing court to have imposed a minimum term that was one half the maximum for the defendant's convictions of attempted murder in the second degree because such a crime is not an armed felony offense by definition and the defendant was a first felony offender (Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *see, People v Frawley,* 117 AD2d 613, *lv denied* 67 NY2d 883). On the other hand, since the defendant's convictions of robbery in the first degree (two counts) were convictions for class B armed violent felony offenses, the imposition of a minimum which was one half the maximum was in accordance with the law (Penal Law § 70.02 [4]; § 160.15 [4]; CPL 1.20 [41]).

Finally, the sentencing court properly determined that the sentences for attempted murder in the second degree (two counts) should run consecutively since those two counts arose out of separate acts against different people *(see, People v Brathwaite,* 63 NY2d 839). Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.