■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 26, 1984, convicting him of criminally negligent homicide and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

On September 3, 1982, the defendant brought a .44 caliber revolver to the house of the Charles family in Brooklyn. As Ray Charles lay in his bed, the defendant loaded the gun and, while playing "Russian Roulette", shot Ray Charles in the face, killing him instantly. The defendant was immediately apprehended at the scene by the deceased's two brothers and a friend of the family, who were in the house at the time. The friend removed a gun from the defendant's waist and all three of them held the defendant for the police. Upon the arrival of the responding police officer, shortly thereafter, these individuals showed the police officer the victim's body and advised the officer that defendant had done the shooting. The defendant was then handcuffed and placed under arrest. Under the circumstances, the information obtained by the police officer from these identifiable civilian informants was sufficient to constitute probable cause for the defendant's arrest *(see, People v Marin,* 91 AD2d 616; *People v Crespo,* 70 AD2d 661; *People v Hyter,* 61 AD2d 990).

We further reject the defendant's argument that his video-taped confession was involuntary. In the case at bar, the suppression court, which saw and heard the witnesses, specifically found that the defendant had been given full *Miranda* warnings, that he knowingly and intelligently waived his rights and that his statement was voluntarily given. These

findings are supported by the record and should not be disturbed *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McMillian,* 56 AD2d 662, 663; *People v Gee,* 104 AD2d 561).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Adler,* 50 NY2d 730, *cert denied* 449 US 1014; *People v Rodriguez,* 69 NY2d 159, 163; *People v Duffy,* 36 NY2d 258, *cert denied* 423 US 861; *People v Barnes,* 50 NY2d 375; *People v Walker,* 105 AD2d 720; *People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.