■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL OGLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.),

rendered October 27, 1986, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

After receiving a radio communication describing the perpetrator of a robbery, several police officers stopped the defendant as he rode a bicycle three blocks from the scene of the crime. The defendant was detained and transported to the scene of the crime where he was arrested after being identified by the complainant. Although the hearing record is unclear as to whether the officers knew, prior to the stop, that the suspect was seen fleeing on a bicycle, we nevertheless find that this brief detention of the defendant was permissible and did not amount to an arrest (see, People v Hicks, 68 NY2d 234). The defendant was not handcuffed; he was told he would be released if he was not identified; the crime scene was only a few blocks away; the crime had occurred about 15 minutes earlier; an eyewitness was available and there were no less intrusive means of quickly dispelling the officers' suspicion (see, People v Patrick, 130 AD2d 687, lv denied 70 NY2d 753; People v Grey, 134 AD2d 613, lv denied 71 NY2d 897; People v Davison, 127 AD2d 680, lv denied 69 NY2d 1003). Consequently, the defendant was arrested after he was identified by the complainant. The defendant's motion to suppress the identification and his statement to the police officers on the ground of an unlawful arrest was properly denied.

Contrary to the defendant's contention, we find that the court's instructions to the jury regarding his failure to testify did not deprive him of a fair trial. It is well settled that a court should not elaborate on the simple language of CPL 300.10 (2) (see, People v McLucas, 15 NY2d 167; People v Morris, 129 AD2d 591; CPL 300.10 [2]). Although the court went beyond the wording of the statute, the instructions were not so extensive as to unduly draw attention to the defendant's failure to testify nor did they imply that the failure to testify was merely a trial maneuver rather than a constitutional right (see, People v Morris, supra; People v Gonzalez, 72 AD2d 508; cf., People v Reid, 135 AD2d 753; People v Concepcion, 128 AD2d 887, appeal withdrawn 69 NY2d 1002).

Finally, the sentence imposed was not excessive. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.