■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARTLETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 8, 1985, convicting him of attempted murder in the second degree, robbery in the first degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years' imprisonment on the attempted murder and robbery counts and 7½ to 15 years' imprisonment on the assault and weapons possession counts. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements given by the defendant to law enforcement authorities and physical evidence.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed upon the defendant's conviction of attempted murder in the second degree from 12½ to 8⅓ years; as so modified, the judgment is affirmed.

On August 26, 1983, at approximately 1:00 P.M., the defendant and two accomplices (who were not apprehended) robbed a private payroll courier of about $18,000. During the course of the robbery, the courier was shot three times in the stomach, once by the defendant. As the defendant was attempting to flee, he was shot in the shoulder by the courier. The police arrived and arrested the wounded defendant. Both the defendant and the courier were taken to the hospital.

There is no merit to the defendant's contention that the physical evidence recovered at the scene, as well as the bulletproof vest that he was wearing, should have been suppressed because he was arrested without probable cause. The information from identified citizens (see, People v Alston, 139 AD2d 655, lv denied 72 NY2d 855; People v Hairston, 117 AD2d 618, lv denied 67 NY2d 884), the responding officers' observations and the defendant's own spontaneous statement at the scene

clearly provided the police with probable cause to believe that the defendant was one of the perpetrators involved in the shooting and robbery of the courier.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

However, it was error for the sentencing court to have imposed a minimum term that was one half of the maximum term upon the defendant's conviction for attempted murder in the second degree because that crime is not an armed felony offense by definition and the defendant was a first felony offender *(see,* Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *People v Newton,* 138 AD2d 415, *lv denied* 72 NY2d 864; *People v Frawley,* 117 AD2d 613, *lv denied* 67 NY2d 883). Accordingly, the minimum term of the sentence on the attempted murder count should be reduced from 12½ to 8⅓ years. In all other respects, however, the defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.