■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WHITAKER, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered May 10, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he intentionally murdered his girlfriend. Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The evidence established, inter alia, that the defendant and the victim, Terry Zuill, argued loudly and violently only moments before the murder, that immediately thereafter the defendant appeared at the door of the victim's brother's bedroom with a knife in his hand and stated that he had stabbed Terry and that the defendant then fled to a nearby hotel where he made the same declaration to a friend. Upon returning to the scene of the murder moments later, the defendant repeatedly stated in the presence of several police officers "Terry I love you, Why did I do it? Terry I'm sorry." The defendant's intent to kill the victim was evident from the 29 stab wounds inflicted upon her body and by the statement he made to a friend earlier in the day in reference to the victim that he would like "to kill the bitch".

We find no merit to the defendant's contention that the court erred in allowing into evidence certain police photographs depicting the victim's body, the murder scene and bloody footprints leading from the victim's bedroom to the victim's brother's bedroom and out of the victim's apartment. The court excluded those photographs that it found to be

unduly prejudicial or duplicative and those photographs that were admitted tended to prove or disprove a material fact, to illustrate or elucidate other relevant evidence, or to corroborate or disprove other evidence in the case *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214). Therefore, even though the photographs may have aroused some sentiment against the defendant, they were duly admitted as serving a proper function.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.