■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE HAYDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered May 8, 1987, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant was indicted jointly with Ronald Powell and John Soures, both of whom pleaded guilty before the defendant was tried. Powell's conviction was affirmed by this court *(People v Powell,* 135 AD2d 666). Soures, when pleading guilty, implicated the defendant in the crimes charged. At the defendant's trial, the prosecution sought to call Soures as a witness. The court held a hearing, outside the jury's presence, to determine whether Soures, if called before the jury, would testify or refuse to do so on Fifth Amendment grounds.

The hearing testimony was extremely brief, and was halted by Soures himself, who stated that he and Powell—and no one else—committed the robbery. When the prosecutor attempted to pursue the point by confronting Soures with the minutes of his sworn plea allocution, Soures refused to answer, invoking the Fifth Amendment and adding that if called before the jury he would refuse to testify.

The defendant's attorney then asked the court for permission to read to the jury that portion of the hearing minutes in which Soures stated that he and Powell alone committed the robbery. The court agreed, but ruled that the entire hearing testimony of Soures would have to be read to the jury, including his Fifth Amendment assertion. The court further ruled that if the defense were to introduce Soures' hearing testimony before the jury, the prosecutor would be allowed to introduce contradictory evidence, namely, Soures' guilty plea colloquy in which he implicated the defendant. At that point the defendant withdrew his application and neither the hearing testimony nor the plea colloquy was introduced into evidence before the jury.

We find no reversible error here. Neither Soures' hearing testimony nor his plea colloquy was subjected to cross-examination and both were inadmissible hearsay under the circumstances.

We also hold that the defendant was not prejudiced by the court's refusal to allow him to approach a witness at very close proximity, in order to display his scar. The court has very broad discretion in controlling trial proceedings. "[I]t is always the discretion of the judge which is the touchstone of

propriety as to the permissible extent of cross-examination" (Fisch, New York Evidence § 343, at 225 [2d ed]). No proper foundation for the exhibition had been established, and in any event, the issue was fully developed later in the trial.

The court improperly allowed the prosecutor to attempt to rehabilitate his impeached witness by allowing the witness to refer to pretrial hearing minutes and to then offer them as a prior consistent statement (see, People v Davis, 44 NY2d 269, 277). The error, however, amounted to harmless bolstering in light of the overwhelming evidence of the defendant's guilt, and the absence of any reasonable probability that the defendant would have been acquitted but for the erroneous evidentiary ruling (see, People v Laudonio, 143 AD2d 227).

Some of the defendant's contentions of error regarding the prosecutor's remarks in summation are unpreserved for our review (see, People v Dordal, 55 NY2d 954, 956). As to those contentions which were properly preserved, we note that although some remarks perhaps could have been better left unsaid, they did not deprive the defendant of a fair trial (see, People v Rodriguez, 143 AD2d 109).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80), nor was the presentence report so inadequate as to require resentencing since it met the requirements of CPL 390.30 and further because the defendant and his counsel availed themselves of the opportunity of addressing the court before the sentence was imposed (see, People v Bercume, 53 AD2d 924).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.