■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 5, 1987, convicting him of attempted murder in the second degree (two counts) and robbery in the first degree (four counts), upon a jury verdict, and sentencing him to consecutive terms of 12½ to 25 years' imprisonment on the convictions of attempted murder in the second degree, and terms of 8⅓ to 25 years' imprisonment on each of the convictions of robbery in the first degree, to run concurrently with each other and with the sentences imposed for attempted murder in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to law enforcement officials.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentences imposed upon the defendant's convictions of attempted murder in the second degree from 12½ to 8⅓ years' imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the court properly admitted into evidence an inculpatory statement inadvertently overheard by a police officer as the defendant spoke to his mother on the telephone, which statement the defendant repeated to the officer after he had completed the call *(see, People v Harris,* 57 NY2d 335, 342-343, *cert denied* 460 US 1047). The record reveals that the defendant, who was aware of the officer's presence only 10 feet away, spoke spontaneously, and not as a result of any police conduct or questioning *(see, People v Maerling,* 46 NY2d 289, 302-303; *People v Lynes,* 49 NY2d 286, 295; *cf., People v Ferro,* 63 NY2d 316, 322, *cert*

*denied* 472 US 1007; *see also, People v Jones,* 140 AD2d 372, 373; *People v Sobolof,* 109 AD2d 903, 904-905). Moreover, the record establishes that the defendant's making of the telephone call was not attributable to police suggestion or prompting, but rather was the product of an unsolicited request by the defendant himself.

We find, however, that the court erred in imposing a minimum term that was one half of the maximum term upon the defendant's conviction for attempted murder in the second degree. That crime is not an armed felony offense by definition and the defendant was a first felony offender *(see,* Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *People v Bartlett,* 146 AD2d 705, 706; *People v Newton,* 138 AD2d 415). Accordingly, the minimum term of the sentence on the attempted murder counts should be reduced from 12½ to 8⅓ years' imprisonment. In all other respects, however, the defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.