THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN CORTEZ, Appellant.—

Contrary to the defendant's contention, the trial court did not act improperly in denying, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment. The instant application constituted the defendant's second motion pursuant to CPL 440.10 premised on ineffective assistance of trial counsel, and, accordingly, the question of whether to hold a hearing on the instant application, albeit premised on new or additional facts, rested in the exercise of the trial court's discretion *(see,* CPL 440.10 [3] [b], [c]; *People v Mazzella,* 13 NY2d 997, 998). Based on the facts and circumstances of this case, we conclude that the trial court did not improvidently exercise its discretion in summarily denying the defendant's motion.

Additionally, under the circumstances of this case, particu-

larly the violent and serious nature of the underlying crime, we do not find the resentence to be either harsh or excessive (see, People v Suitte, 90 AD2d 80). While we deem it advisable for a court upon resentencing to obtain an updated presentence report, we conclude that under the circumstances of this case, an updated report was unnecessary. The defendant never requested an updated presentence report and he and his counsel were given an opportunity to address the court and supply relevant documents prior to the imposition of resentence (see, People v Sanchez, 143 AD2d 377; People v Hayden, 154 AD2d 711). Mollen, P. J., Brown, Kooper and Miller, JJ., concur.