■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered April 6, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt of each of the crimes charged beyond a reasonable doubt. During the transaction, the undercover officer who purchased the drugs from the defendant had an unobstructed view of the defendant at close range underneath a hallway light. Certain contentions raised by the defendant on appeal concern issues of credibility and the weight to be given the undercover police officer's testimony which was contradicted by the testimony of the defendant's sole witness. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial when the prosecutor improperly bolstered the undercover officer's description of the defendant with testimony by the arresting officer that he apprehended the defendant on the basis of that description is not preserved for appellate review (see, CPL 470.05 [2]; People v West, 56 NY2d 662). In any event, in light of the undercover officer's clear and strong identification testimony, and the ample opportunity he had to

observe the defendant during the commission of the crime, the arresting officer's testimony would be considered harmless *(see, People v Johnson,* 57 NY2d 969; *see also, People v Hart,* 140 AD2d 711) and could not have deprived the defendant of a fair trial.

We have examined the defendant's remaining contentions raised in his supplemental *pro se* brief, and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.