■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered March 20, 1984, convicting him of sexual abuse in the first degree and assault in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the third and fourth counts of the indictment are dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726), and a new trial is ordered with respect to the remaining counts.

Reversal of the defendant's judgment of conviction is mandated by our prior holding, made on the appeal of the codefendant Vincent Dunlap, with whom the defendant was jointly tried, that the prosecutor's summation was so highly inflammatory and prejudicial as to deprive the defendants of a fair trial *(see, People v Dunlap,* 138 AD2d 393).

Because a new trial is required, we do not reach the defendant's remaining contention. Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered December 2, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to the trial court's charge to the jury are not preserved for appellate review as a matter of law *(see, People v Autry,* 75 NY2d 836; *People v McDonald,* 144 AD2d 701, 702). The trial court's charge to the jury did not deprive the defendant of a fair trial and, therefore, reversal in the interest of justice is not warranted *(see, People v McDonald, supra,* at 702; *People v Ogle,* 142 AD2d 608, 609). Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.