■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW PRIESTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 6, 1987, convicting him of robbery in the second degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Since the defendant failed to identify any indicia of suggestiveness in the photographic and lineup identification procedures employed, the hearing court properly declined to compel the production of the complainant (see, People v Peterkin, 151 AD2d 407, affd 75 NY2d 985; People v Chipp, 75 NY2d 327; People v Tweedy, 134 AD2d 467). We note that, in any event, the defendant waived this claim by failing to move, as the court had given him permission to do, to reopen the Wade hearing when further details regarding the circumstances underlying the lineup procedure were adduced at trial.

The defendant's further assertion that the Trial Judge's instructions to the jury regarding his failure to testify deprived him of a fair trial is similarly unavailing. This claim is unpreserved for appellate review since the defendant neither requested that the Trial Judge limit his instruction to the statutory language (see, CPL 300.10 [2]) nor registered an exception to the charge as given (see, People v Autry, 75 NY2d 836). In any event, while the Trial Judge's "no adverse inference" charge in this case was lengthier than prescribed by law, it was neutral in tone and did not diminish the importance of the constitutional right by implying either that the

defendant should have testified or that his decision not to testify was a strategic one *(see, People v Ogle,* 142 AD2d 608). Nor may it be said to have unduly emphasized the defendant's silence, particularly in view of defense counsel's summation comments concerning his client's decision not to take the stand *(see, People v Brown,* 150 AD2d 472).

The defendant argues that the verdict of guilt was against the weight of the evidence because substantial doubt existed as to the accuracy of the complainant's identification testimony. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, P. J., Lawrence, Kooper and Harwood, JJ., concur.