■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE CLARK, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered May 4, 1987, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree, and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court improperly admitted

into evidence testimony of his prior drug use and of his theft of drugs since he was not charged with these crimes. However, under the circumstances of this case, this evidence was admissible to show motive (see, *People v Alvino*, 71 NY2d 233; *People v Allweiss*, 48 NY2d 40, 47; *People v Johnson*, 155 AD2d 924, 925), and a common plan or scheme (see, *People v Vails*, 43 NY2d 364, 368). Also, it was necessary to complete the narrative of events (see, *People v Hardwick*, 140 AD2d 624, 625). Furthermore, the probative value of this evidence outweighed its prejudicial effect (see, *People v Ventimiglia*, 52 NY2d 350, 359-360).

The defendant further argues that he was denied adequate notice since the bill of particulars did not include drugs as one of the things alleged to have been stolen. However, the theft of drugs was offered only to prove motive and thus did not have to be included in the bill of particulars (see, *People v Morris*, 61 NY2d 290, 295).

Contrary to the defendant's contention, the prosecutor did obtain a proper court ruling at a pretrial hearing before introducing evidence of uncharged crimes and thus the evidence was properly admitted (see, *People v Ventimiglia*, 52 NY2d 350, 362, *supra*).

Finally, the defendant argues that the court improperly admitted into evidence photographs that aroused the emotions of the jurors and unduly prejudiced him. However, we find that these photographs had probative value and corroborated and illustrated trial testimony and thus were properly admitted (see, *People v Whitaker*, 146 AD2d 723, 724). Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.