■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered June 17, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defense contention that the trial court erred in refusing to allow a witness to testify that the defendant stated he was "going running" on the night of the robbery. Since the defendant could have acted in accordance with his stated intent to go jogging and still have committed the robbery approximately two hours later, his statement of intent was not relevant to a central issue in the case (cf., People v Malizia, 92 AD2d 154, 159, affd 62 NY2d 755, cert denied 469 US 932). In any event, even if there had been an error in the court's evidentiary ruling, it would have been harmless because the subject statement was merely cumulative evidence. In this regard, we note that the witness was permitted to describe the running clothes the defendant was wearing a few hours prior to the crime, and to testify that he looked "[a]s if he was going jogging" when he left her home.

The defendant additionally contends that he was deprived of a fair trial by the court's instructions regarding his failure to testify. However, since the defendant neither requested that the court limit its instruction to the statutory language (see, CPL 300.10 [2]), nor registered an exception to the charge as given, his claim is unpreserved for appellate review (see,

*People v Autry,* 75 NY2d 836; *People v Wilson,* 162 AD2d 747). In any event, although the court elaborated on the statutory language of CPL 300.10 (2), we find no basis for reversal in the exercise of our interest of justice jurisdiction. The charge was neutral in tone, consistent in substance with the intent of the statute, and not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify *(see, People v Priester,* 162 AD2d 633; *People v Ogle,* 142 AD2d 608; *People v Morris,* 129 AD2d 591). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.