■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR LOCADIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered May 18, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and an amended judgment of the same court, also rendered May 18, 1989, revoking a sentence of probation imposed by the same court upon a finding that he

had violated a condition thereof, and imposing a sentence of imprisonment upon his prior conviction of criminal sale of a controlled substance in the fifth degree.

Ordered that the judgment and amended judgment are affirmed.

While the court may have improperly permitted the prosecutor to attempt to rehabilitate the undercover officer by having the officer read from his buy corroboration report the precise wording of statements attributed to the defendant at the time of the sale *(see, People v McClean,* 69 NY2d 426; *People v Davis,* 44 NY2d 269), any error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Johnson,* 57 NY2d 969; *People v Jones,* 160 AD2d 731). This was not a case of misidentification since the defendant admitted that he participated in the transaction. Rather, the defendant claimed that he acted out of fear, which was an issue of fact for the jury to determine, and based on our review of the record we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review since he either failed to object at the time of trial, or, where he did object, it was for reasons other than those which are now raised on appeal *(see, People v Fleming,* 70 NY2d 947; *People v Oliver,* 63 NY2d 973; *People v Thomas,* 50 NY2d 467; *People v St. Pierre,* 131 AD2d 520), and we decline to consider them in the exercise of our interest of justice jurisdiction. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.