■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PRIDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered October 2, 1987, convicting him of attempted murder in the second degree (two counts) and robbery in the first degree (four counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 12½ to 25 years imprisonment on the convictions of attempted murder in the second degree, and indeterminate terms of 8⅓ to 25 years imprisonment on each of the convictions of robbery in the first degree, the latter to run concurrently with each other and with the sentences imposed for attempted murder in the second degree.

Ordered that the judgment is modified, on the law, by reducing the indeterminate terms imposed upon the defendant's convictions of attempted murder in the second degree from 12½ to 25 years imprisonment to 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Since the defendant neither requested that the court limit its "no adverse inference charge" to the statutory language (see, CPL 300.10 [2]), nor registered an exception to the charge as given, his claim that the charge deprived him of his privilege against self-incrimination is unpreserved for appellate review (see, People v Autry, 75 NY2d 836; People v Gonzalez, 167 AD2d 556). In any event, although the court elaborated on the statutory language of CPL 300.10 (2), we find no basis for reversal in the exercise of our interest of justice jurisdiction. Overall the charge was neutral in tone, and not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify (see, People v Gonzalez, supra; People v Priester, 162 AD2d 633).

Contrary to the defendant's contention, we find that the court properly admitted certain photographs of the room where the victims were shot. These photographs had probative value in that they showed the layout of the back room and corroborated and illustrated trial testimony (see, People v Pobliner, 32 NY2d 356, cert denied 416 US 905; People v Whitaker, 146 AD2d 723; People v Clark, 167 AD2d 552).

We find, however, that the court erred in imposing a mini-

mum term that was one-half of the maximum term upon the defendant's conviction of attempted murder in the second degree. That crime is not an armed felony offense by definition and the defendant was a first felony offender *(see,* Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *People v King,* 155 AD2d 480; *People v Bartlett,* 146 AD2d 705, 706; *People v Newton,* 138 AD2d 415). Accordingly, the minimum term of the sentence on the attempted murder counts should be reduced from 12½ to 8⅓ years imprisonment. In all other respects, however, the defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.