■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL S. RAMIREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered August 22, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial when the prosecutor improperly elicited testimony from two police officers regarding the contents of the defendant's description as received over the police radio. However, this contention is not preserved for appellate review (see, CPL 470.05 [2]; *People v West,* 56 NY2d 662). In any event, in light of the complainants' clear and strong identification testimony and the ample opportunity they had to observe the defendant during the commission of the crime, the officers' testimony in this regard was harmless (see, *People v Johnson,* 57 NY2d 969; *People v Jones,* 160 AD2d 731).

The defendant's contention that the court's instructions to the jury regarding his failure to testify deprived him of a fair

trial is unavailing. This claim is unpreserved for appellate review since the defendant neither requested that the court limit its instruction to the statutory language nor excepted to the charge as given (see, People v Autry, 75 NY2d 836; People v Priester, 162 AD2d 633). Moreover, although the court's "no inference" charge was lengthier than prescribed by law, it was neutral in tone and did not diminish the importance of the constitutional right by implying either that the defendant should have testified or that his decision not to do so was a strategic one (see, People v Gonzalez, 167 AD2d 556).

During its charge, the court had informed jurors that a verdict sheet would be sent in with them. The defendant's contention that the verdict sheet submitted to the jury was not proper is not preserved for appellate review since he failed to object to its submission, failed to make further requests, and failed to object to the charge as given when afforded the opportunity to do so (see, CPL 470.05 [2]; People v Melendez, 160 AD2d 739; People v Fitzgerald, 157 AD2d 666). In view of the overwhelming evidence of guilt, particularly the strong and clear identification testimony of the complainants, review of this issue in the exercise of our interest of justice jurisdiction is unwarranted (see, People v Lugo, 150 AD2d 502; People v Mathis, 150 AD2d 613; cf., People v Testaverde, 143 AD2d 208).

We have considered the defendant's remaining contentions, including those arguments raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.