■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RYANS, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Pitaro, J.), imposed September 18, 1989, the sentence being an indeterminate term of 10 to 20 years imprisonment, upon his conviction of attempted murder in the second degree, upon his plea of guilty.

Ordered that the sentence is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant correctly contends that the indeterminate term of 10 to 20 years imprisonment imposed by the Supreme Court was illegal to the extent that it was based on the erroneous assumption that attempted murder in the second degree is an armed felony offense *(see,* CPL 1.20 [41]; *People v Pride,* 173 AD2d 651, 652; *People v King,* 155 AD2d 480). The People concede that the defendant could not be sentenced to a minimum period of incarceration which was one-half the maximum period on this basis. However, they argue that the 10-to-20 year term itself could still be properly imposed in this case because the defendant was a second felony offender (Penal Law § 70.06). They therefore assert that the appropri-

ate remedy is to remit the matter for resentencing. The defendant, on the other hand, contends that we should simply reduce the minimum period of incarceration to six and two-thirds years, one-third of the maximum.

We agree with the People as to the appropriate remedy. The presentence report indicates that the defendant had previously been convicted of a felony offense. The Supreme Court did not base its sentence on this ground and thus there was no determination of prior felon status pursuant to CPL 400.21. Accordingly, we remit the matter to the Supreme Court for such a determination and resentencing. We note that should prior felon status be established and the same term of imprisonment imposed pursuant to Penal Law § 70.06, the defendant will have no further cause to complain to this court because a 10-to-20-year term of incarceration was promised upon his plea of guilty, and was the result of a bargain struck with the prosecution during the course of plea negotiations (see, People v Kazepis, 101 AD2d 816).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Harwood, Balletta, O'Brien and Copertino, JJ., concur.