■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHON WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 9, 1990, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was retried after this Court reversed a prior judgment of conviction *(see, People v Williams,* 141 AD2d 786). Upon this appeal, the defendant again challenges the denial, after a hearing (Feldman, J.), of those branches of his motion which were to suppress (1) statements made by him at the precinct, after the police illegally arrested him in his home without a warrant, and (2) a gun which was seized after the defendant made those statements.

The hearing court and this Court, upon the defendant's prior appeal, held that the illegality of the warrantless arrest was sufficiently attenuated from the recovery of the evidence by the passage of time, the giving of *Miranda* warnings, and the codefendant's statement which implicated the defendant. Therefore, since this Court considered the defendant's conten-

tion on a prior appeal, the law of the case doctrine precludes this Court from reconsidering the defendant's contention *(see, Martin v City of Cohoes,* 37 NY2d 162, 165; *Locilento v Coleman Catholic High School,* 134 AD2d 39, 43). Moreover, although the law of the case doctrine is not an absolute mandate, it may only be vitiated in "extraordinary circumstances", such as a change in the law *(see, Weiss v Flushing Natl. Bank,* 176 AD2d 797, 798; *Szajna v Rand,* 131 AD2d 840). In the instant case, extraordinary circumstances do not exist which warrant the reconsideration of the defendant's claim. Although after the defendant's first appeal, the Court of Appeals held that the giving of *Miranda* warnings was not sufficient to provide attenuation from an illegal warrantless arrest *(see, People v Harris,* 77 NY2d 434), that determination does not warrant reconsideration of the defendant's contention. Upon the defendant's prior appeal, this Court held that the illegality was sufficiently attenuated not only by the giving of *Miranda* warnings, but also by the passage of time and the fact that the codefendant made a statement implicating the defendant *(see, People v Conyers,* 68 NY2d 982, 983).

Moreover, although it was unnecessary for the trial court to elaborate upon the simple language of CPL 300.10 (2) with respect to the defendant's failure to testify, the defendant was not deprived of a fair trial by the court's charge. The charge in substance was consistent with the intent of the statute, was not so lengthy as to prejudicially draw the jury's attention to the issue, and did not imply that the defendant should have testified or that his decision not to testify was a strategic one *(see, People v Gonzalez,* 167 AD2d 556; *People v Priester,* 162 AD2d 633; *People v Davidson,* 150 AD2d 717).

Additionally, the trial court did not err in sentencing the defendant without an updated presentence report. Since the defendant was incarcerated during the period in question, an updated presentence report was unnecessary *(see, People v Kuey,* 186 AD2d 684). In any case, the defendant never requested an updated presentence report, and the letter submitted to the court from the Special Defender Services served as the "functional equivalent" of an updated presentence report *(see, People v Cortez,* 158 AD2d 611; *People v Sanchez,* 143 AD2d 377, 378).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.