■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK IDLET, Appellant. [617 NYS2d 490] —Appeals by the defendant from three judgments of the Supreme Court, Queens County (Lakritz, J.), all rendered April 13, 1989, convicting him of murder in the second degree under Indictment No. 4995/87, attempted murder in the second degree under Indictment No. 4999/87, and robbery in the first degree under Indictment No. 7896/87, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and statements made by him to the police.

Ordered that the judgments are affirmed.

The evidence adduced at the suppression hearing established that on the night of July 21, 1987, the police responded to a radio report of shots being exchanged between the occupants of a black Z-28 automobile and three pedestrians at a specified location. While arresting the driver of the automobile the officers were approached by an identified civilian who indicated that three armed men had just broken into his father's house and were still there. Several officers proceeded to the house with the individual, and while there at least one of the officers observed three men, two of whom were carrying guns, kick open the back door and run out of the house. The defendant was among those men, and was arrested at the scene. He subsequently made an inculpatory statement and was identified by several individuals in connection with this and other crimes, the convictions of which form the basis of this appeal.

Based upon the information provided by an identified civilian witness, and upon their own observations of criminality, the police had probable cause to arrest the defendant (see, People v Bartlett, 146 AD2d 705; People v Ellis, 144 AD2d 480). Thus the hearing court properly denied the defendant's motion to suppress his statement, the identification testimony, and the physical evidence recovered from him at the time of the arrest which was based on the ground that his arrest was made without probable cause. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.