■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE STATON, Appellant. [663 NYS2d 57] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Thomas, J.), imposed November 14, 1995, upon his conviction of attempted murder in the second degree, attempted robbery in the first degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the fourth degree, the sentence being indeterminate terms of 6 to 12 years imprisonment for attempted murder in the second degree and 4 to 12 years imprisonment for attempted robbery in the first degree (two counts) and assault in the first degree (two counts), and a determinate term of one year imprisonment for criminal possession of a weapon in the fourth degree, with all terms to run concurrently.

Ordered that the sentence is modified, on the law, by reducing the term of imprisonment imposed for attempted murder in the second degree from an indeterminate term of 6 to 12 years imprisonment to an indeterminate term of 4 to 12 years imprisonment; as so modified, the sentence is affirmed.

The People correctly concede that because the crime of attempted murder in the second degree does not meet the defini-

tion of an armed violent felony (*see,* CPL 1.20 [41]), the Supreme Court erred in imposing a minimum term of imprisonment which was one-half of the maximum term for that count (*see,* Penal Law former § 70.02 [4]; *People v Pride,* 173 AD2d 651). We have remedied the illegality by reducing the minimum term of imprisonment (*see, People v Hoppie,* 220 AD2d 528), and we find no merit to the defendant's contention that the resulting sentence of 4 to 12 years imprisonment is harsh or excessive (*see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.