■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK STEWART, Appellant. [678 NYS2d 751] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 7, 1997, convicting him of attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 12½ to 25 years imprisonment on the conviction of attempted murder in the second degree, and terms of 5 to 10 years imprisonment on the remaining counts, to run concurrently with each other.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed upon the conviction of attempted murder in the second degree from an indeterminate term of 12½ to 25 years imprisonment to an indeterminate term of 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

As correctly conceded by the People, the trial court erred in imposing a minimum term that was one-half the maximum upon the defendant's conviction of attempted murder in the second degree. Attempted murder is not an armed felony offense by definition, and the defendant is a first felony offender (*see,* Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *People v Pride,* 173 AD2d 651). Accordingly, the sentence on that count is modified by reducing it to an indeterminate term of 8⅓ to 25 years imprisonment (*see, People v Pride, supra,* at 652).

The sentence as modified is not excessive (*see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.