■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MAGNIFICO, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered September 23, 1976, convicting him of burglary in the second degree, burglary in the third degree, grand larceny in the third degree (two counts), criminal mischief in the fourth degree (two counts), and possession of burglar's tools, upon his plea of guilty, and imposing sentence. Judgment affirmed. On January 10, 1976, at about

9:30 P.M., Officer Palfy observed a car parked in front of a darkened house on a quiet residential street, with a woman seated in the front seat and a man, the defendant, crouched down behind the trunk. The trunk, which was open, contained a console television set. Palfy stopped to make inquiry and, although the defendant stated that he was lost, he failed to ask for directions. Although claiming that the television set had just been purchased from a friend, defendant was unable to provide Palfy with the exact address or phone number at which the friend could be reached. Shortly thereafter Detective Cunningham arrived on the scene and was told by defendant's companion that they had arrived at their location, one quarter of a mile from the highway on which they had been traveling, in order to secure the trunk. Defendant was taken to the nearby station house while his story was checked out. At the station house Cunningham recognized defendant from a flyer of known burglars. Palfy returned to the scene and quickly determined that the house in front of which defendant had been parked had been burglarized and that a television set had been taken therefrom. Defendant was then arrested and his car impounded. The stop and detention of defendant were proper, as was the resultant search and seizure of his car. When Palfy first observed defendant parked in front of a darkened house, apparently transporting a large console television on a dark winter evening, he had an "articulable reason" (see *People v De Bour,* 40 NY2d 210, 213) to stop and inquire, a minimal intrusion, even absent any concrete indication of criminality. When defendant and his companion were able to provide only vague and suspicion-inducing responses to proper inquiry, the police acted correctly in detaining them until their story could be properly checked out. Although defendant was brought to the station, its location was near the scene of the initial encounter, and he was neither handcuffed nor searched. Once Palfy determined that a burglary had taken place and Cunningham observed the flyer there was probable cause for the arrest. Upon these facts the police activity was "justified in its inception" and "reasonably related in scope to the circumstances which rendered its initiation permissible" (see *People v De Bour, supra,* p 215). Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.