■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was not denied his statutory right to a speedy trial (CPL 30.30). The People announced their readiness for trial at arraignment, 6 months and 2 days after commencement of the criminal action. Excluded from the time chargeable to the People is the period of three days from

March 4, 1985 to March 7, 1985, which delay was occasioned by defense counsel's request for scheduling of the arraignment (CPL 30.30 [4] [b]). Thus, the People's announcement of readiness was within the six-month limit (CPL 30.30 [1] [a]). The postannouncement delay caused by the victim's medical problems is also excludable (see, CPL 30.30 [3] [b]; [4] [g]; *People v Goodman,* 41 NY2d 888, 889). The prosecution's request for a short delay in the continuance of the suppression hearing to permit the victim to make arrangements for a baby-sitter did not demonstrate the People's lack of readiness. Any further delay in the continuation of the hearing was attributable to the court's calendar and was not chargeable to the People (see, *People v Brothers,* 50 NY2d 413, 417).

We also reject defendant's contention that the victim's testimony was incredible as a matter of law. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, second degree.) Present—Dillon, P. J., Callahan, Doerr, Green and Balio, JJ.