■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD GARDNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 7, 1990, convicting him of manslaughter in

the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred when it delivered an unrequested instruction on his failure to testify *(see, People v McLucas,* 15 NY2d 167). Since no objection was made, this claim is unpreserved for appellate review *(see, People v Autry,* 75 NY2d 836). In any event, there is no reasonable possibility that the error contributed to the defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237). The charge was neutral in tone, consistent in substance with the intent of the statute, not so lengthy as to prejudicially draw the jury's attention to the issue, and did not imply that the failure to testify was merely a trial maneuver rather than a constitutional right *(see, People v Ogle,* 142 AD2d 608, 609; *People v Morris,* 129 AD2d 591).

The defendant contends that the trial court erred in refusing his request to instruct the jury with regard to the defense of justification. We disagree. The trial court correctly determined that there was no reasonable view of the evidence to support the defendant's claim that he was justified in shooting his cousin in the back. His cousin was unarmed, and was leaving the defendant's house.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or do not warrant reversal. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.