■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO RIVERA, Appellant. [623 NYS2d 445] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of attempted murder in the second degree, assault in the second degree, and promoting prison contraband in the first degree, arising from an incident at the Auburn Correctional Facility in which defendant stabbed a fellow inmate four times in the back with a "shank".

Defendant was not denied his statutory right to a speedy trial (see, CPL 30.30) when County Court granted the People a 26-day continuance based upon the temporary unavailability of a key prosecution witness. The post-announcement delay caused by the victim's medical problems is a sufficient exceptional circumstance to warrant the exclusion of that period of delay (see, CPL 30.30 [3] [b]; [4] [g]; People v Goodman, 41 NY2d 888, 889; People v Walker, 136 AD2d 949, 950, lv denied 71 NY2d 974). Defendant contends for the first time on appeal that CPL 30.30 (4) (a), which excludes the period during which his pretrial motions are under consideration by the court, violates his constitutional right to a speedy trial. Because that issue was not raised before County Court, it is not properly before this Court (see, People v Rodriguez, 50 NY2d 553, 557; People v Whisby, 48 NY2d 834, 836). Furthermore, there is no basis in the law to find that statutory provision unconstitutional.

The People's failure to disclose the victim's statements at a prison disciplinary hearing did not constitute a Rosario violation (see, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, 15 NY2d 765; see also, CPL 240.45 [1] [a]; People v Howard, 209 AD2d 1014). The People's Rosario obligation to produce the pretrial statements of prosecution witnesses is limited to material that is within their possession or control (People v Flynn, 79 NY2d 879, 882). In any event, the record reveals that the victim did not make any statement at the institutional proceedings.

We agree with defendant's contention that the court erred in permitting the prison records coordinator to give expert testimony that the "shank" constituted contraband within the meaning of the prison rules; that was a factual issue more properly within the province of the jury. We conclude that the error is harmless, however, because the jury could clearly determine that the "shank" constituted contraband based upon the overwhelming evidence that it had been used to stab the victim.

We have reviewed the other claims of error and conclude that they lack merit. Defendant's sentence is not unduly harsh or excessive. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.