■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCOISE PIERRE, Appellant. [627 NYS2d 66] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Weston-Patterson, J.), rendered July 16, 1991, convicting him of rape in the first degree (four counts), rape in the second degree, rape in the third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions are not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Odome,* 192 AD2d 725; *People v Pride,* 173 AD2d 651; *People v Udzinski,* 146 AD2d 245), and, in any event, they lack merit. The trial court did not err in admitting expert testimony as to the psychological and behavioral characteristics typically shared by children

who are victims of sexual abuse in a familial setting *(see, People v Keindl,* 68 NY2d 410; *People v Pegram,* 191 AD2d 719).* Nor did the trial court err in permitting the prosecution to elicit, on redirect examination, testimony regarding uncharged crimes when the defendant opened the door to that testimony on cross examination *(see, People v Melendez,* 55 NY2d 445).* Finally, although the trial court expanded upon the statutory language in instructing the jury not to draw an adverse inference from the defendant's failure to testify, the charge was neutral in tone, consistent in substance with the intent of the statute, not so lengthy as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the failure to testify was a trial maneuver rather than a constitutional right. Thus, the court's charge did not constitute reversible error *(see,* CPL 300.10 [2]; *People v Odome,* 192 AD2d 725, *supra; People v Pride,* 173 AD2d 651, *supra).* Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.