■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST WEBB, Appellant. [628 NYS2d 302] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered March 1, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Justice Thompson has been substituted for the late Justice Lawrence (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant sought to demonstrate to the jury that he had noticeable, gold front teeth at the time of the robbery, and that the robbery victim's failure to note the gold teeth undermined the victim's identification of the defendant. The defendant declined to testify, but the court allowed him to exhibit his teeth to the jury without having to undergo any questioning. The court, however, would not allow the defen-

dant to speak the words that the victim attributed to the robber, considering that the defendant was not proceeding under oath or subjecting himself to cross-examination. The court also reasoned that if the defendant were allowed to verbalize as proposed there could be no guarantee that the conditions could be replicated in all pertinent respects, and free of contrivances. We conclude that this limitation did not deny the defendant his right to a fair trial or constitute an improvident exercise of discretion by the court.

In charging the jury regarding the defendant's failure to testify, the court deviated slightly from the express language of CPL 300.10 (2). Although the deviation was too inconsequential to warrant reversal or to have detracted from the neutral tone of the charge, we stress, as we have on other occasions (e.g., People v McCain, 177 AD2d 513; People v Mercado, 154 AD2d 556; People v Morris, 129 AD2d 591; People v Concepcion, 128 AD2d 887), that trial courts should follow the verbatim language of the statute, rather than alter the words or otherwise ad lib.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Thompson and Florio, JJ., concur.