■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD JOHNSON, Appellant. [635 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 16, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The People withheld *Rosario* material *(see, People v Rosario,* 9 NY2d 286) consisting of a "buy operation subject cover sheet" (hereinafter cover sheet) prepared by the arresting officer. The cover sheet, *inter alia,* listed the numbers of property vouchers which were completed for property found on the defendant at the time of his arrest. However, the numbers of certain vouchers which were completed for property found on the defendant, were not listed on the cover sheet. At trial, the arresting officer testified regarding property found on the defendant. Hence, the cover sheet was related to the subject matter of the witness's testimony. Since certain vouchers which were completed were not listed on the cover sheet, it cannot be considered a duplicative equivalent of the vouchers *(see, People v Ranghelle,* 69 NY2d 56), and thus the judgment must be reversed *(see, People v Young,* 79 NY2d 365).

In light of our determination we need not reach the defendant's remaining contentions. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE KNIGHT, Appellant. [635 NYS2d 537] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 31, 1993, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly instructed the jury on the issue of his right not to testify was not preserved for appellate review since no objection was made to the charge as given *(see,* CPL 470.05 [2]; *People v Pierre,* 215 AD2d 599; *People v Pough,* 185 AD2d 330; *People v Udzinski,* 146 AD2d 245) and we decline to review it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.