■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRUITQUAN BAILEY, Appellant. [636 NYS2d 86] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cozier, J.), rendered October 12, 1993, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the court's instruction to the jury that no adverse inference may be drawn from the defendant's failure to testify on his own behalf included more than the statutory language (see, CPL 300.10 [2]), the instruction was neutral in tone, consistent in substance with the intent of CPL 300.10 (2), not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the failure to testify was a trial maneuver rather than a constitutional right (see, People v Pierre, 215 AD2d 599; People v Odome, 192 AD2d 725; People v Gardner, 182 AD2d 638, 639). Thus, the instruction did not constitute reversible error.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Sullivan, J. P., Altman, Friedmann and Goldstein, JJ., concur.