■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS QUINONES, Appellant. [653 NYS2d 122] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered June 16, 1993, convicting him of manslaughter in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied a fair trial when the court's charge regarding the defendant's right not to testify allegedly varied from the charge it had agreed to give at the pre-charge conference. The defendant, however, failed to object to the charge as given. In the absence of an objection to the charge the error complained of is not preserved for appellate review (*see, People v Basora,* 75 NY2d 992; *People v Autry,* 75 NY2d 836; *People v Knight,* 222 AD2d 525).

In any event, the court's charge did not compromise the defendant's right against self-incrimination, since it was "neutral in tone, consistent in substance with the intent of the statute, not so lengthy as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the failure to testify was a trial maneuver rather than a constitutional right" (*People v Pierre,* 215 AD2d 599, 600; *see also, People v Bailey,* 222 AD2d 686; *People v Odome,* 192 AD2d 725).

We also find that the trial court's denial of the defendant's request for an identification charge was proper. An identifica-

tion charge is not warranted where the defendant's guilt turns largely on the credibility of the People's witnesses who knew the defendant prior to the commission of the crime, and not upon the nature and quality of their observations of the defendant during the commission of the crime (*see, People v Harrell,* 208 AD2d 647; *People v Luckerson,* 170 AD2d 695; *People v Wade,* 146 AD2d 589). Here, the eyewitness testified, *inter alia,* that she had known the defendant for three years, that they were close friends, and that she had seen the defendant on a daily basis for the two years preceding the date of the crime. Thus, there was no substantial issue of identification before the jury to warrant an identification charge.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.