■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MILLAN, Appellant. [711 NYS2d 726] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 18, 2000 (*People v Millan,* 268 AD2d 490), affirming a judgment of the Supreme Court, Kings County, rendered October 6, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL MORALES, Appellant. [711 NYS2d 727] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mason, J.), rendered October 8, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court's charge regarding his decision not to testify was erroneous and prejudicial is not preserved for appellate review (*see, People v Autry,* 75 NY2d 836, 839; *People v Quinones,* 235 AD2d 437). In any event, the contention lacks merit. While the charge was lengthy and somewhat redundant, it was "neutral in tone, consistent in substance with the intent of CPL 300.10 (2), not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the failure to testify was a trial maneuver rather than a constitutional right" (*People v Bailey,* 222 AD2d 686; *see also, People v Pierre,* 215 AD2d 599).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.