■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL F. OWENS, Appellant. [732 NYS2d 386] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him to an indeterminate term of incarceration of 2 to 6 years. Defendant failed to preserve for our review his contention that County Court did not timely admonish two jurors who overheard a third juror inform the bailiff that she was afraid of reprisal should defendant be convicted of the crimes charged. In any event, that contention lacks merit. The court properly asked the jurors what they had heard and whether their ability to be fair and impartial was thereby affected (*see, People v Buford,* 69 NY2d 290, 299). There is no indication that defendant was denied the right to an impartial jury by the retention of the two jurors (*see, People v Horney,* 112 AD2d 841, *lv denied* 66 NY2d 615).

Defendant also failed to preserve for our review his contention that the court should have conducted an inquiry of the entire jury based on the fact that the two jurors had overheard the prospective juror's comment. In any event, such an inquiry was not warranted where, as here, there was no indication that the two jurors had discussed the matter with the other jurors (*see, People v Rodriguez,* 71 NY2d 214, 217). Defendant further contends that the court erred in failing to give an immediate instruction with respect to the limited purpose for which evidence of prior bad acts was received. He contends that the evidence was received just prior to the lunch recess,

but the instruction was not given until after the lunch recess. That contention is not preserved for our review and, in any event, it lacks merit. The court properly gave a limiting instruction, and defendant has failed to show any prejudice arising from that lapse of time (*see generally, People v Matthews,* 221 AD2d 802, *lv denied* 88 NY2d 850).

We also reject defendant's contention that the court erred in re-instructing the jury on the agency defense by failing to repeat a certain hypothetical that was included in the original instruction. Although the court did not repeat that hypothetical, it nevertheless re-instructed the jury with respect to the principle underlying the hypothetical. In any event, the evidence, viewed in the light most favorable to defendant, does not support the inference that defendant was acting solely as an agent of the buyer (*see, People v South,* 233 AD2d 910, 911, *lv denied* 89 NY2d 989). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Broderick, Sr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.