THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMBERLY BURSE, Appellant. [749 NYS2d 350] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered May 12, 2000, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [2]). Contrary to defendant's

contention, the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). An eyewitness testified for the People that she observed defendant slap the 75-year-old victim twice and, when the victim fell into the street, defendant kicked the victim about the head and face. Two police officers also observed defendant kick the victim. The medical evidence presented by the People established that the victim suffered a subdural hematoma and that, since the assault, the victim has had to reside in a skilled nursing facility and has been completely dependent upon others for her care. Although defendant's testimony conflicts with the evidence presented by the People, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see id.*).

We also reject the contention of defendant that Supreme Court erred in refusing to suppress her statement. Although defendant's inculpatory statement was made while defendant was in custody and before *Miranda* warnings were given, the statement was spontaneous and not in response to any questions by the police. We therefore conclude that the statement was not the result of custodial interrogation (*see generally People v Youngblood,* 294 AD2d 954, 954-955, *lv denied* 98 NY2d 704).

Contrary to defendant's further contention, the court properly dismissed a sworn juror. During jury selection defendant advised the court that she believed that she knew one of the prospective jurors in connection with her activities as a prostitute. The prospective juror acknowledged that he recognized defendant as a customer in his coin laundry business but stated that he could render an impartial verdict. He was thereafter sworn as a juror. The following day, the juror advised the court that he had concerns about sitting as a juror because he knew defendant. During the "probing and tactful" inquiry conducted by the court (*People v Buford,* 69 NY2d 290, 299), the juror stated that he could be impartial, but further stated, "You know, I would hope that she would be innocent." In addition, he expressed his concern that defendant would "hold it against" him if she were convicted. The court's determination that the juror was grossly unqualified is entitled to great weight, and we conclude that the court properly dismissed the juror (*see People v Tisdale,* 270 AD2d 917, *lv denied* 95 NY2d 839; *People v Ocasio,* 258 AD2d 303, 303-304, *lv denied* 93 NY2d 975).

Defendant failed to preserve for our review her contention that prosecutorial misconduct during summation deprived her

of a fair trial (*see* CPL 470.05 [2]; *People v Pierce,* 219 AD2d 856, *lv denied* 87 NY2d 850). In any event, that contention is without merit. The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.