■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BROWN, Appellant. [776 NYS2d 408]—

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered October 15, 2002. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Contrary to defendant's contention, there was no *Rosario* violation. The material that defendant allegedly did not receive was in the possession and control of the Department of Correctional Services and was not in the People's control (*see People v Rivera,* 212 AD2d 1040, 1041 [1995], *lv denied* 85 NY2d 979 [1995]). In any event, defendant in fact received that material and had the opportunity to use it during his questioning of the pertinent witnesses. Also contrary to defendant's contention, County Court did not err in

granting the midtrial request of defendant to represent himself. The court undertook the requisite inquiry to ascertain that defendant understood the "risks inherent in proceeding *pro se,* and . . . the singular importance of the lawyer in the adversarial system of adjudication" (*People v Smith,* 92 NY2d 516, 520 [1998]; *see People v Spirles,* 275 AD2d 980, 981 [2000], *lv denied* 96 NY2d 807 [2001]). The record establishes that defendant's waiver of the right to counsel was unequivocal, voluntary, and intelligent (*see Spirles,* 275 AD2d at 981). The court properly refused to permit defendant, while proceeding pro se, to seek the advice of counsel with respect to the proper manner in which to use prior inconsistent statements to cross-examine witnesses. "A criminal defendant has no Federal or State constitutional right to hybrid representation . . . While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both . . . [, and] a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial" (*People v Rodriguez,* 95 NY2d 497, 501 [2000]).

Contrary to the contention of defendant in his pro se brief, he was afforded effective assistance of counsel during the period of counsel's representation (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his further contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Burse,* 299 AD2d 911, 912-913 [2002], *lv denied* 99 NY2d 613 [2003]). In any event, it cannot be said that defendant was thereby denied due process of law (*see People v Rubin,* 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984]).

Defendant was properly sentenced as a persistent felony offender (*see* CPL 400.20 [7]; Penal Law § 70.10 [1] [a]; *see also People v Elliot,* 283 AD2d 183, 184 [2001], *lv denied* 96 NY2d 901 [2001]) and the sentence, which is the minimum authorized term of imprisonment for a persistent felony offender, is neither unduly harsh nor severe. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.