# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**175**
**KA 10-00154**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

AARON DAVIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (LAUREN A. WILLIAMSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 16, 2009.  The judgment convicted defendant, after a nonjury trial, of criminal possession of stolen property in the fifth degree, false impersonation, resisting arrest and obstructing governmental administration in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a bench trial of, inter alia, criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and resisting arrest (§ 205.30).  Contrary to defendant's contention, County Court properly refused to suppress physical evidence on the ground that the police illegally detained defendant.  We conclude that "the police activity was 'justified in its inception' and 'reasonably related in scope to the circumstances [that] rendered its initiation permissible' " (*People v Magnifico*, 59 AD2d 914, 915, quoting *People v De Bour*, 40 NY2d 210, 215).  The court also properly refused to suppress certain statements that defendant made to the police, inasmuch as those statements were either spontaneous (*see People v Burse*, 299 AD2d 911, 912, *lv denied* 99 NY2d 613), or constituted pedigree information (*see People v Ligon*, 66 AD3d 516, *lv denied* 14 NY3d 889).

Defendant failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19).  Viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We have reviewed defendant's remaining contentions

and conclude that they are without merit.

Entered:  February 10, 2011                Patricia L. Morgan
                                           Clerk of the Court