■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN J. COFFEE, Appellant. [58 NYS3d 777]—

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered April 24, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his request for substitution of counsel (*see People v Correa*, 145 AD3d 1640, 1640 [2016]). Defendant failed to show good cause for substitution inasmuch as his claims that defense counsel was ineffective were without merit (*see People v Linares*, 2 NY3d 507, 510-511 [2004]; *People v Johnson*, 114 AD3d 1132, 1133 [2014], *lv denied* 24 NY3d 961 [2014]). We reject defendant's further contention that he was improperly permitted to proceed pro se. The record establishes that defendant made a "knowing, voluntary and intelligent waiver of the right to counsel" (*People v Arroyo*, 98 NY2d 101, 103 [2002]). Defendant's request was unequivocal and was not made simply in the alternative to seeking substitute counsel (*see People v Paulin*, 140 AD3d 985, 987 [2016], *lv denied* 28 NY3d 935 [2016]; *cf. People v Gillian*, 8 NY3d 85, 88 [2006]). The court did not abuse its discretion in declining defendant's request for standby counsel (*see People v Brown*, 6 AD3d 1125, 1126 [2004], *lv denied* 3 NY3d 657 [2004]). "A criminal defendant has no Federal or State constitutional right to hybrid representation . . . While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both . . . Thus, a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial" (*People v Rodriguez*, 95 NY2d 497, 501 [2000]). Contrary to defendant's contention, he was afforded effective assistance of counsel during the period of defense counsel's representation (*see Brown*, 6 AD3d at 1126).

Defendant's contention that the court gave an improper instruction to the jury with respect to drawing an inference

from defendant's exercise of his right to represent himself is not preserved for our review (*see People v Quinones*, 235 AD2d 437, 437 [1997], *lv denied* 90 NY2d 862 [1997]). In any event, defendant's contention lacks merit. The variation from the pattern jury charge "was too inconsequential to warrant reversal or to have detracted from the neutral tone of the charge" (*People v Webb*, 215 AD2d 704, 705 [1995], *lv denied* 86 NY2d 804 [1995]; *see Quinones*, 235 AD2d at 437). Defendant also failed to preserve for our review his contention that the court violated CPL 300.10 (4) (*see People v Armstrong*, 134 AD3d 1401, 1402 [2015], *lv denied* 27 NY3d 962 [2016]), and it is without merit in any event inasmuch as, prior to defendant's summation, the court informed defendant of the charges that would be submitted to the jury.

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Peterkin*, 12 AD3d 1026, 1028 [2004], *lv denied* 4 NY3d 766 [2005]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contentions in his main and pro se supplemental briefs and conclude that they are without merit. Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.