Matter of Coffee v Argento (2019 NY Slip Op 00707)





Matter of Coffee v Argento


2019 NY Slip Op 00707


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


13 OP 18-00645

[*1]IN THE MATTER OF SHAWN JAMES COFFEE, PETITIONER,
v
HON. VICTORIA M. ARGENTO, ACTING SUPREME COURT JUDGE, MONROE COUNTY, MICHAEL DOLLINGER, ESQ., ASSISTANT DISTRICT ATTORNEY, MONROE COUNTY, AND MICHAEL C. LOPEZ, ESQ., PUBLIC DEFENDER'S OFFICE, MONROE COUNTY, RESPONDENTS.






SHAWN JAMES COFFEE, PETITIONER PRO SE.
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (MATTHEW D. BROWN OF COUNSEL), FOR RESPONDENTS MICHAEL DOLLINGER, ESQ., ASSISTANT DISTRICT ATTORNEY, MONROE COUNTY, AND MICHAEL C. LOPEZ, ESQ., PUBLIC DEFENDER'S OFFICE, MONROE COUNTY. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) for a writ of prohibition. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: In 2014, a judgment was rendered convicting petitioner upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and we affirmed that judgment on direct appeal (People v Coffee, 151 AD3d 1837 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]). Petitioner now brings this original CPLR article 78 proceeding in the nature of prohibition seeking dismissal of the indictment on, inter alia, the ground that he was denied the right to appear and testify before the grand jury. The petition must be dismissed as time-barred because it was filed well beyond the four-month statute of limitations for a writ of prohibition (see CPLR 217 [1]; Matter of Holtzman v Marrus, 74 NY2d 865, 866 [1989]; see generally Matter of Doorley v DeMarco, 106 AD3d 27, 33 [4th Dept 2013]). In any event, a petitioner is not entitled to the extraordinary remedy of a writ of prohibition where, as here, there is "an adequate ordinary' remedy," i.e., a direct appeal (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983], cert denied 464 US 993 [1983]; see Matter of Dale v Burns, 103 AD3d 1243, 1244-1245 [4th Dept 2013], appeal dismissed 21 NY3d 968 [2013]; see
generally Matter of O'Neill v Beisheim, 39 NY2d 924, 925 [1976]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court