People v Roberts (2023 NY Slip Op 00789)

People v Roberts

2023 NY Slip Op 00789

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1040 KA 18-01776

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VERNON ROBERTS, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered May 17, 2018. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]). Defendant contends that he is entitled to a new trial because County Court failed to address a potential taint of the jury pool after certain comments were made by a prospective juror. Although, as defendant correctly concedes, he failed to preserve that contention for our review (see CPL 470.05 [2]; People v Rosario, 184 AD3d 676, 677 [2d Dept 2020], lv denied 35 NY3d 1069 [2020]; People v Owens, 288 AD2d 930, 930 [4th Dept 2001], lv denied 97 NY2d 707 [2002]), we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). After the prospective juror was excused, defendant did not seek any relief from the court with respect to the purportedly tainted panel and instead "participated in . . . jury selection, during which time the prospective jurors were thoroughly questioned on their . . . potential biases, and [defendant] acquiesced to the selected jurors being sworn without objection" (People v Hassan, 159 AD3d 1390, 1390 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]). Consequently, "the impartiality of the jurors ultimately chosen to serve was assured by the conduct of the selection process" (People v Pepper, 59 NY2d 353, 358 [1983]).
Contrary to defendant's further contention, the court did not abuse its discretion in declining to appoint standby counsel after granting defendant's request to represent himself at trial (see People v Coffee, 151 AD3d 1837, 1838 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]). It is well settled that while the United States and New York State Constitutions "afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both. These are 'separate rights depicted on the opposite sides of the same [constitutional] coin. To choose one obviously means to forego the other' . . . Thus, a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial" (People v Rodriguez, 95 NY2d 497, 501 [2000]; see People v Brown, 6 AD3d 1125, 1126 [4th Dept 2004], lv denied 3 NY3d 657 [2004]).
We reject defendant's contention that the police officer who arrested him had stopped him and frisked him in violation of his constitutional rights, and we reject his further contention that the court erred in refusing to suppress the evidence that the officer seized from defendant. To the contrary, we conclude that, based upon the totality of the circumstances, the officer was justified in forcibly detaining defendant momentarily in order to confirm or dispel the officer's reasonable suspicion of defendant's involvement in the reported incident (see People v Pruitt, [*2]158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]; People v Carson, 122 AD3d 1391, 1391-1392 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]; People v Evans, 34 AD3d 1301, 1302 [4th Dept 2006], lv denied 8 NY3d 845 [2007]).
Moreover, contrary to defendant's contention, the officer was justified in patting defendant down for weapons to ensure officer safety, given the nature of the dispatch as a burglary, the presence of defendant near the scene, and defendant's inability to explain where he was going to or coming from (see People v Clinkscales, 83 AD3d 1109, 1109 [3d Dept 2011], lv denied 17 NY3d 815 [2011]; see generally People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]). In any event, the officer did not seize the items that he removed from defendant's vest pocket at that time; rather, he viewed them to ensure that they were not weapons and then put them back in defendant's pocket. The seizure of the items occurred after the victim identified defendant as the perpetrator of the crime and was a valid seizure incident to defendant's lawful arrest based on probable cause (see generally People v Muldrow, 222 AD2d 1076, 1076 [4th Dept 1995], lv denied 88 NY2d 882 [1996]). Contrary to defendant's contention, the showup identification procedure was not unduly suggestive (see People v Dogan, 154 AD3d 1314, 1316 [4th Dept 2017], lv denied 30 NY3d 1115 [2018]; People v Davis, 48 AD3d 1120, 1122 [4th Dept 2008], lv denied 10 NY3d 957 [2008]), and thus the court properly refused to suppress the identification testimony of the victim.
We reject defendant's contention that the evidence is legally insufficient to support the conviction. Viewing the evidence in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]), we conclude that there is a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant entered the victim's house with the intent to steal property (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the evidence that defendant was found in spatial and temporal proximity to the crime scene and that he possessed items stolen from the victim, we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his further contention that the court penalized him for exercising his right to a trial (see People v Shay, 85 AD3d 1708, 1709 [4th Dept 2011], lv denied 17 NY3d 822 [2011]). In any event, that contention is without merit (see People v Jurjens, 291 AD2d 839, 840 [4th Dept 2002], lv denied 98 NY2d 652 [2002]). Finally, the sentence is not unduly harsh or severe.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court